E-FILED
Tuesday, 13 January, 2026  01:40:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

TAYLOR D. MORGAN,

      Plaintiff,

v.

WALMART, INC., f/k/a WAL-MART
STORES, INC.,

      Defendant.

Docket No.: 2:26-cv-2019

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

---

### <u>COMPLAINT</u>

Plaintiff, **TAYLOR D. MORGAN**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK KOTIN KASSERMAN LLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **WALMART, INC., f/k/a WAL-MART STORES, INC.** (hereafter referred to as "Walmart" and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### <u>NATURE OF THE CASE</u>

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold and distributed by Defendant Walmart, Inc.. Specifically, the subject programmable pressure cooker is a sublicensed product owned by Walmart, which Walmart holds out as its own:

1



*Identification plate of Plaintiff's pressure cooker.*

2.      On or about January 20, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3.      Walmart touts the "safety"[1] of the subject pressure cookers, and states that they cannot be opened while in use. Despite Walmart's claims of "safety," it designed, imported, marketed, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite Walmart's statements to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in

---

[1]  *See* Farberware 7-in-1 Programmable Pressure Cooker, Model No. WM-CS6004W User's Manual, p. 9. A copy of the User Manual is attached hereto as "Exhibit A" and is incorporated by reference.

this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.      Walmart knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF TAYLOR D. MORGAN

7.      Plaintiff **TAYLOR D. MORGAN** is a resident and citizen of the City of Oakwood, County of Vermilion, State of State of Illinois, and remains domiciled in the same.  Plaintiff therefore is a resident and citizen of the State of Illinois for purposes of diversity pursuant to 28 U.S.C. § 1332.

8.      On or about January 20, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety features,"[2] which purport to keep the consumer safe while using the pressure cooker.  In addition, the incident occurred as a result of Walmart's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

---

[2] *Id.*

**DEFENDANT WALMART, INC. f/k/a WAL-MART STORES, INC.**

9.     Defendant Walmart designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker at issue in this case.

10.     Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.     At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Illinois and intentionally availed itself of the markets within the State of Illinois through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

15.     Walmart is engaged in the business of designing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16.     Walmart warrants, markets, advertises, and sells its Farberware pressure cookers as a

4

means "to take the guesswork out of the most common cooking tasks."[3]

17.     It further boasts that its pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[4] which purports to keep the user safe while cooking.

18.     According to the Owner's Manual accompanying each individual unit sold, the pressure cookers are equipped with a variety of "protection features,"[5] such as a lid with a "[m]echanical safety feature that locks the lid in place"[6] and ensures that the "[l]id can only be removed once [the] pressure level lowers to required levels."[7]

| Lid (22) | Mechanical safety feature that locks the lid in place with the inner ring, once enough pressure builds up in the appliance | Lid can only be removed once pressure level lowers to required levels |
|---|---|---|

*See* Exhibit A, p. 9.

19.     The Owner's Manual further represents that, as pressure builds, the unit's float valve with rise up and will "not allow the lid to be opened"[8] until the pressure drops back down to safe levels.

20.     By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21.     Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

22.     However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with

---

[3] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314
[4] *Id.*
[5] Ex. A, p. 9.
[6] *Id.*
[7] *Id.*
[8] *Id.*

5

normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

23.    The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

24.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

25.    As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

26.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

27.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28.    At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29.    Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant when Plaintiff used her pressure cooker on January 20, 2024.

6

30. Plaintiff did not misuse or materially alter the pressure cooker, including through her use on January 20, 2024.

31. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant failed to adequately test the pressure cookers; and

   f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

33. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENT DESIGN DEFECT

34.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35.     Defendant is the designer, importer, distributor, marketer, supplier, and seller of the subject pressure cookers, which were negligently designed.

36.     Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

37.     As a result, the subject pressure cookers, including Plaintiff's pressure cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant, which causes an unreasonable increased risk of injury, including, but not limited to, first-, second-, and third-degree burns.

38.     Plaintiff in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

39.     The subject pressure cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

40.     As a direct and proximate result of Defendant's negligent design of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

        **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENT FAILURE TO WARN

41.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42.    At the time in which the subject pressure cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its pressure cookers were dangerous and created an unreasonable risk of harm to consumers.

43.    Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its pressure cookers likely to be dangerous.

44.    As a direct and proximate result of Defendant's failure to warn of the dangers of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT IV
### NEGLIGENCE

45.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

46.    Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

47.    Defendant failed to exercise ordinary care in the design, manufacture, import, warnings, quality assurance, quality control, distribution, testing, advertising, promotion, marketing, and sale of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

48.    Defendant was negligent in the design, manufacture, import, distribution, testing, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a.  Failed to use due care in designing and manufacturing despite having extensive knowledge that the aforementioned injuries could and did occur;

   b.  Failed to warn and place adequate warnings and instructions on the subject pressure;

   c.  Failed to adequately test the subject pressure cooker;

   d.  Failed to use due care in designing and manufacturing the subject pressure cooker to avoid the aforementioned risks to individuals;

   e.  Placed an unsafe product into the stream of commerce;

   f.  Was otherwise careless or negligent.

49.    Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

50.    As a direct and proximate result of Defendant's negligence, the Plaintiff in this case suffered injuries and damages described herein.

   **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

51.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52.    Defendant marketed, distributed, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

53.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

54.     Defendant's pressure cookers were not fit for the particular purpose as a quick, efficient, and safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

55.     The Plaintiff in this case reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

56.     Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

        **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

57.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

58.     At the time Defendant marketed, distributed, supplied, and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

59.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

60.     Defendant's pressure cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

61.     Plaintiff used her pressure cookers with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

62.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendant;

b.  damages in excess of $75,000 to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c.  pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case;

e.  an award of attorneys' fees; and

f.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

12

Respectfully submitted,


Date: <u>January 13, 2026</u>          BY:     */s/ Loren Legorreta, Esq.*
                                    Attorney for Plaintiff


**TOMASIK KOTIN KASSERMAN, LLC**
Loren Legorreta, Esq. (loren@tkklaw.com)
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN ID #0397289)     *Pro Hac Vice to be filed*
Anna R. Rick, Esq.  (MN ID #0401065)     *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***